# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 2:14-CV-1661-VEH ) |
| RICHARD BUSBY et al, | ) ) |
| Defendants. | ) ) |

## MEMORANDUM OF OPINION

**I.  INTRODUCTION**

Plaintiff Federal National Mortgage Association originally filed this action to recover possession of land and property in the Circuit Court of Jefferson County, Alabama, on September 21, 2009. (Doc. 1-1 at 2). The case stems from the defendants' continued occupancy of property that was allegedly purchased by the plaintiff at a foreclosure sale. (Doc. 1-1 at 2; Doc. 1 at 1-2).

Defendant Marilyn Busby removed the litigation to this court on August 27, 2014, asserting both federal question and diversity under 28 U.S.C. § 1332 as bases for jurisdiction. (Doc. 1 at 2). Co-defendant Richard Busby consented to the removal. (Doc. 1 at 2-3). Plaintiff Fannie Mae filed a motion for remand on September 8, 2014,

arguing that the notice of removal was untimely and that this court does not have jurisdiction. (Doc. 8).

Because the court concludes that it lacks subject matter jurisdiction, the court will **GRANT** the plaintiff's motion to **REMAND** the case to the Circuit Court of Jefferson County, Alabama.

## II.   GENERAL PRINCIPLES

"The inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of South Alabama v. The American Tobacco Co., et al.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted). "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id*. (internal citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the

proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

"In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) (citation omitted); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001). Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that — with the express exception of civil rights cases that have been removed — orders of remand by district courts based upon certain grounds, including in particular those premised upon lack of subject matter jurisdiction, are entirely insulated from review. More specifically, § 1447(d) provides:

> An order remanding a case to the State court from which it was removed <u>is not reviewable on appeal or otherwise</u>, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added); *see also Kirchner v. Putnam Funds Trust*, 547

U.S. 633, 642 (2006) (recognizing that "'[w]here the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand'") (citing *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977)); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

### III.  SUBJECT MATTER JURISDICTION

#### A.  Federal Question

The notice of removal makes reference to this court's federal question jurisdiction as a ground for removal. (Doc 1 at 2). "The District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint." *Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997). The federal question must be present in the plaintiff's complaint: "a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid." *Id.* at 712. This is true "even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc.*

*v. Williams*, 482 U.S. 386, 393 (1987).

The defendants' notice of removal states, "this court has jurisdiction over this matter because it involves a federal question, the attempted taking of real property by an illegal non-judicial foreclosure methodology without due process." It is unclear from this statement exactly what federal question they believe to be present. Regardless of how the statement is interpreted, there is no support for the conclusion that a federal question is present in this case. Using the well-pleaded complaint rule, the court looks to the face of the complaint to see if there is a federal question. A plain reading of the complaint shows that it was based solely on real property law (doc. 1-1 at 2-3), which is determined by state law. *See Fed. Power Comm'n v. Niagara Mohawk Power Corp.*, 347 U.S. 239, 252 (1954) ("Riparian water rights, like other real property rights, are determined by state law").

There is no mention of any federal law or constitutional issue in the complaint. Even if the defendants have a valid <u>defense</u> based in federal law to Federal's action, a defense is unable to create federal question jurisdiction. *Kemp*, 109 F.3d at 712. Therefore, this court does not have jurisdiction over this case on the basis of a federal question.

  **B.**   **Diversity Jurisdiction**

Busby also premises her removal upon this court's diversity jurisdiction. (Doc.

5

1 at 2). "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). However, under the forum defendant rule, removal on the basis of diversity of citizenship is barred when any properly joined and served defendant is a citizen of the state in which the suit was filed. 28 U.S.C. § 1441(b)(2)(" A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.")

Even if the general requirements for diversity jurisdiction are satisfied, the forum defendant rule prevents the defendants from removing this case. The defendants' Answer and Counterclaim shows that they have been citizens of Alabama since the beginning of the case. (Doc. 2 at 3). Therefore, the defendants are not permitted to remove the action to this Court on the basis of diversity of citizenship.

## III. CONCLUSION

As explained above, the court concludes that it lacks subject matter jurisdiction, and a remand is due to be granted. More specifically, no federal question exists, nor have the requirements for diversity jurisdiction been satisfied. Accordingly, an order

will be entered **GRANTING** the plaintiff's motion and **REMANDING** the case to the Circuit Court of Jefferson County, Alabama. Since it is clear that the court lacks subject matter jurisdiction, the defendants' motion for extension of time is **DENIED**.

**DONE** and **ORDERED** this the 1st day of October, 2014.

**VIRGINIA EMERSON HOPKINS**
United States District Judge